**MOSS & KALISH, PLLC**
COUNSELLORS AT LAW
122 EAST 42ND STREET
NEW YORK, NY 10168-0098

---

TELEPHONE: (212) 867-4488
TELECOPIER: (212) 983-5276
E-MAIL: LAWYERS@MOSSKALISH.COM

MARK L. KALISH
GARY N. MOSS
LARRY Z. LAZAR*
MARC S. REINER
DAVID B. GELFARB*
---
JAMES SCHWARTZMAN
---
ROBERT H. SIEGEL
OF COUNSEL

*ALSO ADMITTED IN NEW JERSEY

NASSAU OFFICE
400 GARDEN CITY PLAZA, SUITE 406
GARDEN CITY, NY 11530

writer's e-mail:
kalish@mosskalish.com

August 26, 2014

Via ECF
Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re: Lightwater Corporation Limited v. Republic of Argentina 14 Civ. 4092
> Old Castle Holdings, Ltd. v. The Republic of Argentina 14 Civ. 4091

Dear Judge Griesa:

This firm represents the plaintiffs in the referenced actions. We write in response to the letter application of Carmine Boccuzzi, Esq., attorney for defendant the Republic of Argentina (the "Republic") dated August 22, 2014 for an order setting aside the certificates of default entered in the within actions on August 20, 2014 by the Clerk of the Court. The application is without merit and should be denied. Consequently, the Court should enter the judgments that plaintiffs have submitted to the Orders and Judgments Clerk on August 21, 2014 and which we understand will be forwarded to Your Honor for action in the near future. A copy of the proposed judgments is annexed hereto as Exhibit "A."

Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default of "good cause." The Courts rely on three factors in determining whether good cause has been shown under Rule 55(c): (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. Powerserve International, Inc. v. Lavi, 239 F.3d 508, 514 (2nd Cir. 2014).

In addition, as we will address below, the Court may not enter judgment against a foreign state unless the claimant "establishes his claim or right to relief by evidence satisfactory to the court." 28 USCA 1608(e).

Hon. Judge Thomas P. Griesa
August 26, 2014

It is clear that the Republic, in its brief submission, has not established a meritorious defense. By way of background, in 2003, this Court entered judgment in the amount of $8,353,625 in favor of Lightwater Corporation Limited ("Lightwater") and against the Republic in the action denominated Lightwater Corporation Limited v. The Republic of Argentina, 02 CV 3804 (TPG) ("Lightwater I"). On May 27, 2003, the Court also entered judgment in the amount of $835,362.50 in favor of Old Castle Holdings Ltd. ("Old Castle") in the action denominated Old Castle Holdings Ltd. v. The Republic of Argentina, 02 Civ. 3808 (TPG) ("Old Castle I") (collectively, the "2003 judgments").

On June 5, 2014, Lightwater and Old Castle commenced the within actions. In each action, plaintiff seeks a permanent injunction specifically enforcing the equal treatment provision of the Fiscal Agency Agreement governing the bonds that they had purchased (the "Bonds"). Accordingly, in the proposed judgments, plaintiffs seek judgment directing that: A) in the event the Republic makes payment to any entity that accepted either the 2005 or 2010 exchange offers ("Exchange Bond holders"), the Republic must contemporaneously pay plaintiffs the entire amount of the 2003 judgments; and B) in the event the Republic makes payment to any entity that holds non-performing external debt of the Republic and who is not an Exchange Bond holder, the Republic must contemporaneously pay plaintiffs the entire amount of the 2003 judgments.

In its application, the Republic relies on three defenses. The first is the doctrine of collateral estoppel. The Republic alleges that having been awarded money judgments, plaintiffs are now barred from raising any claim under the equal treatment provision. This claim is without merit.

In the recent case of Export-Import Bank v. Grenada, 2013 U.S. Dist. LEXIS 117740 (S.D.N.Y. 2013), plaintiff initially sought, in an earlier action, to recover the outstanding amount due under four loan agreements. The essential facts in the earlier action related to defendant Grenada's failure to make principal and interest payments under the loan agreements. Id. at *6.

In the subsequent action, the key facts and the foundation for that action were based on, ironically, a pari passu clause and payments to other external debtors, while Grenada paid nothing to plaintiff. The Court found that it would be difficult to characterize the latter set of wrongs, which took place years after Grenada's default, as "'related in time, space or origin to the wrongs litigated' in the first action." Id. at *6, quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2nd Cir. 1997).

The within actions are obviously closely on point to the holding in Export-Import Bank with respect to the doctrine of res judicata. Here, Lightwater I and Old Castle I were based on the Republic's defaults under the terms of the Bonds. The plaintiffs initiated those actions to collect the bond proceeds, plus interest. It was not until years later that the Republic entered into the 2005 Exchange and the 2010 Exchange and enacted the Lock Law and the suspension of the Lock Law, which are a "latter set of wrongs" that are not related in time, space or origin to the wrongs litigated in Lightwater I and Old Castle I. [1]

---

[1] The Court has addressed the Lock Law enacted by the Republic in connection with the 2005 exchange offer ("Law 26,017) as well as the suspension of the Lock Law, which was enacted in connection with the 2010 exchange offer. Specifically, in NML Capital, Ltd. v. the Republic of Argentina, 08 Civ. 6978 (TPG), the Court explained (Document No. 339 at page 8) as follows:

2

Second, the Republic is not entitled to relief under the merger doctrine either. The <u>Export-Import Bank</u> Court also addressed the issue of whether the merger doctrine barred that action. Preliminarily, the <u>Export-Import Bank</u> Court explained that the Second Circuit recently characterized merger as a "terminology of the common law that federal courts have supposedly retired." <u>Export-Import Bank</u>, 2013 U.S. Dist. LEXIS 117740 at *9, quoting <u>NML Capital, Ltd. V. Banco Central de la Republica Argentina</u>, 652 F.3d 172, 185 (2nd Cir. 2011) (claim preclusion encompasses the law of merger and bar). In other words, "efforts to bypass the standard res judicata analysis have been rejected by the courts in this Circuit." <u>Export-Import Bank</u>, 2013 U.S. Dist. LEXIS at * 10, citing <u>Counsel Financial Services v. Leibowitz</u>, 2012 U.S. Dist. LEXIS 42215 at *4 (W.D.N.Y. 2012).

As we set forth above, under the standard analysis of res judicata, plaintiffs' claims are not barred. Moreover, the doctrine of merger does not serve to limit a plaintiff to one suit based on one instrument, but instead limits a plaintiff to one suit based on one event or series of events. Here, the claims in the within actions are different in time, space and origin than the claims litigated in <u>Lightwater I</u> and <u>Old Castle I</u>. The within actions are not actions on the original claims; accordingly, the doctrine of res judicata (and its subset, merger) do not bar these actions.

Third, the Republic alleges that to the extent plaintiffs "appear to be seeking a default certification as a step toward a 'me too' pari passu order" the Court should reconsider the "broad sweep of the injunctions" that it has previously issued. <u>Republic letter</u>, at 2. Clearly, the Republic sets forth no compelling argument for reconsideration of the injunctions that this Court has previously issued and which have been upheld by the Court of Appeals in <u>NML Capital Ltd. v. The Republic of Argentina</u>, 727 F.3d 230 (2nd Cir. 2013) ("<u>NML II</u>"). We are not aware of the Republic somehow seeking to overturn the settled law that has been established in <u>NML I</u> and <u>NML II</u> (as opposed to continuing to blithely ignore, and to seek to evade, such law and judicial precedent). Indeed, on June 18, 2014, the Court of Appeals lifted its stay of the injunctions referred to in the Republic's letter. There is no conceivable reason why the Court should now "reconsider" its injunctions. Moreover, this Court has asserted on innumerable occasions that litigants, including those who purchased bonds in good faith, are entitled to assert their rights in this Court. The assertion by Lightwater and Old Castle of their rights does not portend a "flood" of claims, and the Court should reject the contention that plaintiffs are not entitled to relief because they would be the vanguard of a "flood."

---

[I]t's hard for me to believe that there is not a violation of the [Equal Treatment Provision] accomplished by the congressional legislation in '05 and '10, simply saying that the Republic will not honor these judgments. It is difficult to imagine anything would reduce the rank, reduce the equal status or simply wipe out the equal status of these bonds under the [Equal Treatment Provision] [more than the Lock Law and the Lock Law Suspension] . . . [The Equal Treatment Provision] can't be interpreted to allow the Argentine government to simply declare that **these judgments** will not be paid and that's what they have done. <u>NML Capital, Ltd. v. The Republic of Argentina</u>, 699 F.3d 246, 254 (2nd Cir. 2012) [emphasis added]. ("<u>NML I</u>").

Hon. Judge Thomas P. Griesa
August 26, 2014

    To the extent that the Republic argues that the Court must accept evidence on the issue of whether plaintiffs are entitled to default judgments pursuant to 28 USCA 1608(e), such argument is without merit. Plaintiffs' complaints, which have been submitted to the Court in connection with their applications for default judgments, make clear that there is no factual dispute. Put simply, in these cases there is no factual dispute which would require plaintiffs to establish their claim or right to the relief sought through the presentation of evidence.

    This Court has found, and its holdings have been affirmed in both NML I and NML II, that bondholders who did not exchange their bonds are entitled to injunctive relief enjoining the Republic from paying Exchange bond holders unless the Republic makes ratable payments to holders who did not exchange their bonds. As we point out in footnote 1, supra, and as this Court has repeatedly stated, judgment holders, just like bond holders, are entitled to the benefits of the pari passu provision of the Fiscal Agency Agreement.[2]

    Moreover, even if in some fashion there is an argument to be made that judgments holders are not entitled to the same pari passu protections as bond holders, as we allege in the complaints, plaintiffs in these cases not only hold judgments. By virtue of the direction of this Court at the time the judgments were entered, plaintiffs continue to be in possession of the bonds underlying the judgments. If, as the Republic would argue, judgment holders are somehow to be treated differently than bond holders for equal treatment purposes, there can be no question that plaintiffs here are entitled to the same rights as the NML plaintiffs because, they do, in fact, continue to hold their bonds.

    Lastly, to the extent that there is a suggestion in Mr. Boccuzzi's letter that we somehow acted discourteously in not advising the Republic's counsel of our planned application for certificates of default, I wish to point out that prior to filing these actions I contacted Mr. Boccuzzi and inquired whether he would accept service of the complaints in these new actions on behalf of his clients. Notwithstanding that his firm has been counsel to the Republic since the inception of Lightwater I and Old Castle I, and we have had repeated contacts for a period of over a decade, he declined to accept service on behalf of the Republic. Additionally, in June of this year, I wrote two letters to Mr. Boccuzzi on matters related to the instant litigation. Mr. Boccuzzi did not respond.

---

[2] This Court stated at oral argument in NML Capital, Ltd. v. the Republic of Argentina, 08 Civ. 6978 (Document No. 339 at p. 27), as follows:
The clause exists, it has meaning, and it, in my view, has been violated by the Republic in the worst, most blatant, way you could violate it, and that is, to have a congressional declaration that these judgments and these obligations will not be paid. How could you reduce the rank, the status, how could you take away the pari passu treatment in any way that is more blatant than that?

On appeal, the Court of Appeals held that:

[T]he judgments of the district court (1) granting summary judgment to plaintiffs on their claims for breach of the Equal Treatment Provision and (2) ordering Argentina to make "Ratable Payments" to plaintiffs concurrent with or in advance of its payments to holders of the 2005 and 2010 restructured debt are affirmed. NML Capital I, 699 F.3d at 265.

4

Hon. Judge Thomas P. Griesa
August 26, 2014

    I have no doubt that given the size of my client's judgments, Mr. Boccuzzi has bigger fish to fry when it comes to Argentina-related litigation and so declining to accept service of the complaints and ignoring my letters may be perfectly understandable.   However, by virtue of having ignored my letters, Mr. Boccuzzi compelled us to go to the trouble of serving the agent designated for service of process on the Republic and he is not in a position to imply that he was owed the courtesy of being provided with advance notice of these default applications.

    Based upon the foregoing, plaintiffs respectfully submit that the Court should deny the Republic's application for an order vacating the Clerk's entry of default in the within actions.

    Thank you for your consideration of this matter.

Respectfully submitted,

MARK L. KALISH

cc: Carmine Boccuzzi, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LIGHTWATER CORPORATION LIMITED,

                Plaintiff,                JUDGMENT

      -against-                              Civil Action No.
                                                      14 CV 4092 (TPG)

THE REPUBLIC OF ARGENTINA,

                Defendant.
-----------------------------------------------------------------X

      Plaintiff, Lightwater Corporation Limited, having commenced this action on June 5, 2014 by the filing of the Summons and Complaint and defendant The Republic of Argentina (the "Republic"); and the Summons and Complaint having been served on defendant on June 11, 2014 by service upon Banco De La Nacion Argentina, located at 230 Park Avenue, New York, New York and an acknowledgment of service by Arlene Flores, Assistant Vice President, Compliance Department having been duly filed on June 11, 2014; and the Republic not having answered the complaint; and the time for answering the Complaint having expired; and the Clerk having issued a Certificate of Default;

      NOW, on motion of Moss & Kalish, PLLC, it hereby

      ORDERED, ADJUDGED AND DECREED as follows:

      1. In the event that the Republic makes payment to any entity that accepted, in or around 2005, or in or around 2010, an offer by the Republic to restructure its debt by offering a bond exchange to all holders of non-performing external debt ("Exchange Bond holders"), the Republic must contemporaneously pay plaintiff the entire amount of a judgment entered in favor of plaintiff and against the Republic and filed in this Court on May 27, 2003 under Civil Action No. 02 Civ 3804 (TPG), together with accrued interest to the date of payment.

2. In the event that the Republic makes payment to any entity that holds non-performing external debt of the Republic and who is not an Exchange Bond holder, the Republic must contemporaneously pay plaintiff the entire amount of a judgment entered in favor of plaintiff and against the Republic on May 27, 2003 and filed in this Court under Civil Action No. 02 Civ 3804 (TPG), together with accrued interest to the date of payment.

3. Plaintiff, Lightwater Corporation Limited, shall have execution therefor.

Dated: New York, New York
      August \_\_\_\_, 2014

ENTER:

_____
U.S.D.J.

_____
Clerk of Court

By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
OLD CASTLE HOLDINGS, LTD.,

            Plaintiff,                               JUDGMENT

    -against-                               Civil Action No.
                                                     14 CV 4091 (TPG)
THE REPUBLIC OF ARGENTINA,

            Defendant.
----------------------------------------------------------------X

       Plaintiff, Old Castle Holdings, Ltd., having commenced this action on June 5, 2014 by the filing of the Summons and Complaint and defendant The Republic of Argentina (the "Republic"); and the Summons and Complaint having been served on defendant on June 11, 2014 by service upon Banco De La Nacion Argentina, located at 230 Park Avenue, New York, New York and an acknowledgment of service by Arlene Flores, Assistant Vice President, Compliance Department having been duly filed on June 11, 2014; and the Republic not having answered the complaint; and the time for answering the Complaint having expired; and the Clerk having issued a Certificate of Default;

       NOW, on motion of Moss & Kalish, PLLC, it hereby

       ORDERED, ADJUDGED AND DECREED as follows:

       1. In the event that the Republic makes payment to any entity that accepted, in or around 2005, or in or around 2010, an offer by the Republic to restructure its debt by offering a bond exchange to all holders of non-performing external debt ("Exchange Bond holders"), the Republic must contemporaneously pay plaintiff the entire amount of a judgment entered in favor of plaintiff and against the Republic and filed in this Court on May 27, 2003 under Civil Action No. 02 Civ 3808 (TPG), together with accrued interest to the date of payment.

2. In the event that the Republic makes payment to any entity that holds non-performing external debt of the Republic and who is not an Exchange Bond holder, the Republic must contemporaneously pay plaintiff the entire amount of a judgment entered in favor of plaintiff and against the Republic and filed in this Court on May 27, 2003 under Civil Action No. 02 Civ 3808 (TPG), together with accrued interest to the date of payment.

3. Plaintiff, Old Castle Holdings, Ltd., shall have execution therefor.

Dated: New York, New York

August ____, 2014

ENTER:

_____
U.S.D.J.

_____
Clerk of Court

By: _____
Deputy Clerk